## BURNS v. UNITED STATES.

### No. 8422–J.

District Court, S. D. California, Central Division.

Feb. 21, 1940.

Dempsey & Mackay, of Los Angeles, Cal., by Arthur McGregor, of Los Angeles, Cal., for plaintiff.

Ben Harrison, U. S. Atty., E. H. Mitchell, Asst. U. S. Atty., and Eugene Harpole, Sp. Atty., all of Los Angeles, Cal., and C. L. Christie, Sp. Atty. for Bureau of Internal Revenue, of Washington, D. C., for defendant.

JAMES, District Judge.

The above case came on regularly for trial on the 16th day of May, 1939, before the Court sitting without a jury, a trial by jury having been waived by the parties thereto.

### Findings of Fact.

I. Plaintiff is, and at all times hereinafter mentioned, was a citizen of the United States and a resident of and domiciled in the County of Los Angeles, State of California, within the Sixth Internal Revenue Collection District.

II. During the year 1928 plaintiff and one Thomas E. Adams entered into an oral partnership agreement whereby profits and losses from speculation in securities owned by the partnership were to be shared equally. Adams handled the business transactions for the partnership and the firm continued throughout the year 1930 and thereafter until all of its assets were lost.

III. In the year 1929 the value of certain securities owned by the partnership of Burns and Adams and held in a margin account with McCabe, Fewel & Company, brokers of Los Angeles, depreciated greatly and it became necessary to either supply these brokers with additional margin or permit them to sell the securities. Plaintiff thereafter and on November 1, 1929, caused four hundred shares of Pacific Gas & Electric Corporation stock, which she owned, to be transferred from her account with H. N. Whitney & Sons of New York to

the partnership account of Burns and Adams with McCabe, Fewel & Company at Los Angeles. This was done with the understanding on her part that said stock was still to be her stock after the transfer to the McCabe, Fewel & Company account and that it was placed there in pledge to bolster the partnership's margin account and would be returned to her in case it was not needed for that purpose, but if the margin account became any thinner or lower, then her stock was to be sold. McCabe, Fewel & Company did sell the stock in question on May 21, 1930.

IV. On March 16, 1931, plaintiff filed her income tax return for the calendar year 1930, showing an income tax liability for said year of $1,846.68. During the calendar year 1931 plaintiff paid said sum to Galen H. Welch, the then Collector of Internal Revenue within the Sixth Internal Revenue Collection District.

V. Thereafter, the Commissioner of Internal Revenue assessed additional taxes against the plaintiff on account of her 1930 income in the sum of $1,874.55 plus interest. Said additional taxes were paid by the plaintiff in installments as follows:

| | |
|---|---|
| February 6, 1933 | $151.13 |
| March 28, 1933 | 151.00 |
| April 12, 1933 | 151.00 |
| May 9, 1933 | 151.00 |
| June 10, 1933 | 151.00 |
| July 10, 1933 | 151.00 |
| August 11, 1933 | 151.00 |
| September 11, 1933 | 151.00 |
| October 10, 1933 | 151.00 |
| November 11, 1933 | 151.00 |
| December 9, 1933 | 151.00 |
| January 12, 1934 | 151.00 |
| February 12, 1934 | 1.38 |
| | $1,813.51 |
| June 14, 1933 | 23.05 |
| July 10, 1933 | 23.05 |
| August 11, 1933 | 23.05 |
| September 11, 1933 | 23.05 |
| October 10, 1933 | 23.05 |
| October 18, 1933 | 161.37 |
| | 276.62 |
| | $2,090.13 |

Said sum of $2,090.13 consists of the principal sum of $1,874.55, plus interest.

VI. In computing the additional taxes of $1,874.55, plus interest, paid by the plaintiff, the Commissioner of Internal Revenue included, among other items as net income, the sum of $19,381.56, on the ground that it represented the profit to plaintiff arising from the sale on May 21, 1930, of four hundred shares of Pacific Gas & Electric Corporation stock. This stock cost plaintiff $7,330.94 and its market value on November 1, 1929, was $23,650. It was sold through McCabe, Fewel & Company on May 21, 1930, for $26,712.50.

VII. On February 26, 1935, plaintiff filed a claim for refund in the amount of $1,324.75, plus interest, for income taxes paid for the calendar year 1930, wherein the following grounds for a refund, and no others were asserted:

"In determining the additional taxes paid by this claimant there was erroneously included as claimant's income the sum of $9,695.78, being one-half of the purported profit realized on the sale of 400 shares of Pacific Gas & Electric Company stock. In the Revenue Agent's report dated January 17, 1933, the examining officer computes a profit upon the sale of these shares of $19,381.56. Claimant states that she is subject to tax on only one-half of this profit for the reason that these shares were sold by the partnership of Burns & Adams to protect other securities held by said partnership. During the year 1928 this claimant and one Thomas E. Adams entered into a partnership agreement whereby profits or losses made upon the sale of securities were to be split 50/50 between the partners. During the year 1929 the partnership had a marginal account in the name of Adams with the brokerage firm of McCabe, Fewel & Company, 716 South Spring Street, Los Angeles. It became necessary to place additional security to maintain the margin. Claimant turned over to Mr. Adams the 400 shares of Pacific Gas & Electric Company stock, which he pledged with said brokerage firm. The securities were sold for $26,712.50 by said brokerage firm and the proceeds were applied as a credit on said partnership margin account. Claimant has never received back the stock from the partnership and neither has she received any benefits therefrom. Substantially all of the proceeds derived from this stock were lost by said partnership on this trading account. The sale of this stock by the brokerage firm of McCabe, Fewel & Company was a partnership transaction of which this taxpayer was entitled to but one-half of the proceeds. Even this one-half has never been received by her.

"It is respectfully submitted that her income has been overstated by $9,695.78, which results in an overpayment of tax of $1,324.75, which claimant respectfully requests be refunded to her together with interest thereon.

"Claimant requests and demands such further or additional refund or refunds as may now or hereafter appear to be due her by reason of the foregoing or on account of (a) any mistake in fact or in law made by her or any officer, clerk, or other employee of the United States Treasury Department in the preparation, amendment and/or adjustment of her said return, (b) any mistake in the payment and/or collection of the tax made by any person designated in subdivision (a) of this paragraph, (c) any erroneous or illegal requirement or regulation of any officer, clerk, or other employee of the United States Treasury Department, (d) any repealed law, whether heretofore or hereafter repealed, (e) any unconstitutional law whether heretofore or hereafter declared unconstitutional, or (f) any other act or matter in connection with the said return, whether covered by the foregoing or not so covered."

VIII. On August 16, 1935, a Revenue Agent's report was made in which it was recommended that plaintiff's said claim for refund be disallowed. Thereafter and on December 20, 1935, plaintiff filed a protest to said Revenue Agent's report. The material part of said protest reads as follows:

"Reference is made to Revenue Agent's report dated August 16, 1935, which recommends disallowance of taxpayer's claim for refund on the basis that no evidence was submitted to show that the taxpayer contributed 400 shares of Pacific Gas & Electric Company stock to the partnership of Burns & Adams. Taxpayer does not acquiesce in the recommendation of the examining officer and files the following as her protest:

"Attached hereto is an affidavit which has been executed by this taxpayer and Thomas E. Adams, one of the partners of the partnership of Burns & Adams, which is self-explanatory. The taxpayer's records indicate that on November 1, 1929, she transferred 400 shares of Pacific Gas & Electric Company stock to the partnership account in McCabe, Fewel & Company, stock brokers, 716 South Spring Street. The stock market records indicate that there were no stock sales on November 1, 1929, as the stock market was closed, but on October 31, 1929, the nearest day on which the stock market made sales, to this date, the lowest sale was 58-¼ with a high of 60, making an average of 59-⅛. The stock therefore had a fair market value at the time it was transferred to the partnership of $23,650.00. The records of McCabe, Fewel & Company, stock brokers, show that this stock was sold on May 21, 1930, for $26,712.50 which would indicate a profit to the partnership of $3,068.50, one-half of which, or $1,534.25, was taxable to this taxpayer in lieu of $19,381.56 determined by the Department as shown by the Revenue Agent's report dated January 17, 1933. Taxpayer states that the contribution that she made to the partnership in the way of stocks and securities and cash during the latter part of 1929 was nothing more nor less than an advance to it for the purpose of protecting the partnership brokerage account which was then greatly in distress; that all the proceeds that were derived from the sale were held in the partnership account and were subsequently lost and the partnership still owes taxpayer the stock or its fair market value at the date of transfer to it, as well as the cash advances made."

IX. That in plaintiff's complaint filed in this action, and in the briefs submitted by her attorneys, she seeks to recover a portion of the income taxes paid by her for the calendar year 1930 upon the ground that the sale of said four hundred shares of Pacific Gas & Electric Corporation stock was a partnership transaction and that she derived no taxable gain or income whatever from the disposition of said stock.

X. On July 21, 1936, the Commissioner of Internal Revenue disallowed said claim for refund.

### Conclusions of Law

As Conclusions of Law from the foregoing Facts, the Court determines:

I. That the plaintiff cannot recover in this action for the reason that it is not based on the ground set forth in her claim for refund but on an entirely distinct and different ground from the ground set forth in said claim for refund of income taxes for the calendar year 1930.

II. That the plaintiff alone owned the four hundred shares of the Pacific Gas & Electric Corporation stock; that the profit of $19,381.56 from the sale of said stock was solely her profit and was not the profit in whole or in part of any other person or or any partnership and was taxable to the

plaintiff and that the plaintiff did not overpay her income tax for the calendar year 1930.

III. That the defendant is entitled to judgment; and that the defendant is also entitled to costs of suit herein.

Let judgment be entered against the plaintiff accordingly.